# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JAMES KUZIK and
BILLIE JOYCE KUZIK,

                Plaintiffs,

        v.                                Case No. 10-C-562

SNAP-ON INC.,

                Defendant.

## DECISION AND ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

## I. FACTS AND PROCEDURAL HISTORY

James Kuzik ("Kuzik") was employed by Snap-On for more than 30 years. (Docket No. 20 at ¶1.) Kuzik applied for disability retirement benefits under the Snap-on Incorporated Retirement Plan for Hourly Employees ("the Plan"), citing emphysema which he believed was work related. (Docket No. 20 at ¶¶2-3, 6.)

Under the Plan, eligibility for disability retirement is determined as follows:

> A member who, after completing ten or more years of continuous employment, becomes totally and permanently disabled by bodily injury or disease which prevents him from engaging in any occupation for remuneration or profit, continues so disabled for six consecutive months and, in the opinion of the committee, is likely to remain so disabled for the balance of his life, will be retired and will receive a disability retirement income determined in accordance with [the Plan].

(Docket No. 22-4 at 22.)

On March 25, 2003, Kuzik was found eligible for Social Security Disability Benefits following the decision of an administrative law judge. (Docket No. 20 at ¶24; Docket No. 21-3.)

The ALJ determined that although Kuzik retained the residual functional capacity for "sedentary work in a clean environment," he lacked skills transferrable to such work and therefore, because of his age, education, and work experience, was disabled. (Docket No. 21-3 at 4-5.)

On April 16, 2004, the Plan denied Kuzik's application for disability retirement benefits. (Docket No. 20 at ¶19.) On appeal, the Benefits Committee determined that while Kuzik was disabled from his current occupation, he was not totally disabled from any occupation and therefore denied his claim. (Docket No. 20 at ¶20.)

Prior to making its determination, administrators reviewed Kuzik's medical records, including those from Dr. James Santarelli, Kuzik's primary care physician who stated that his "severe chronic obstructive lung disease . . . has caused him to be totally disabled," (Docket No. 22-1 at 3), but nonetheless indicated that Kuzik was capable of sedentary work, (Docket No. 22-1 at 22.) Administrators also reviewed records from Dr. Ajit Parekh, who noted numerous severe limitations, (Docket No. 22-1 at 10), and stated, in response to the question, "Do you feel James Kuzik is totally and permanently disabled from performing any occupation for life," "Disabled to do current job," (Docket No. 22-1 at 9). Kuzik was also evaluated by an independent pulmonologist who concluded that Kuzik was not totally disabled from all occupations. (Docket No. 22-1 at 36.)

Kuzik retired early from Snap-On and as a result his benefits were reduced from what he would have received had he continued to work until retirement or qualified for disability retirement benefits. (Docket No. 20 at ¶¶21-23.) If he been Kuzik had qualified for disability retirement benefits he would have received an additional $190.95 per month from April 1, 2004 and continuing for as long as he remained qualified for disability retirement. (Docket No. 20 at ¶23.) On May 17, 2004, Kuzik filed a workers' compensation claim, which culminated in a settlement whereby Snap-On paid Kuzik $142,500.00. (Docket No. 20 at ¶¶25-26; Docket No 21-1.)

This action was initially filed in Kenosha County Circuit court but was removed to this court on July 7, 2010. (Docket No. 1.) On January 31, 2011, both parties moved for summary judgment. (Docket Nos. 18, 23.) Each party responded on February 15, 2011. (Docket Nos. 27, 28.) Neither party complied with Civil L.R. 56(b)(2)(B)(i) by responding to the opponent's proposed findings of fact; instead, each party submitted essentially identical proposed findings of fact but without stipulating to proposed findings of fact in accordance with Civil L.R. 56(b)(1)(B). See also Civil L.R. 56(b)(5). Therefore, because no proposed finding of fact has been controverted, all shall be deemed admitted, except to the extent that any proposed fact states a legal conclusion or is directly inconsistent with any other proposed finding of fact. Civil L.R. 56(b)(4). Moreover, neither party submitted a reply brief. Of course, in view of the relatively straightforward nature of the issue presented, the court appreciates not receiving redundant briefs. The pleadings on the parties' motions for summary judgment are closed and the matter is ready for resolution. The parties have previously consented to the full jurisdiction of a magistrate judge. (Docket No. 4, 7.)

**II. SUMMARY JUDGMENT STANDARD**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); McNeal v. Macht, 763 F. Supp. 1458, 1460-61 (E.D. Wis. 1991). Material facts are those facts which, under the governing substantive law, might affect the outcome of the suit. Anderson, 477 U.S. at 248. A dispute of such material facts is "genuine" if the evidence is such that a reasonable trier of fact could find in favor of the nonmoving party. Id.

The movant bears the burden to establish that there is no genuine issue of material fact and that he or she is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Adickes v. S.H. Kress & Co., 398 U.S. 144, 159 (1970); see also Celotex Corp., 477 U.S. at 323. The moving party

3

satisfies its burden by demonstrating "that there is an absence of evidence to support the nonmoving party's case." Celotex Corp., 477 U.S. at 325. Any doubt as to the existence of a genuine issue for trial is resolved against the moving party. Anderson, 477 U.S. at 255; Cain v. Lane, 857 F.2d 1139, 1142 (7th Cir. 1988); Spring v. Sheboygan Area School Dist., 865 F.2d 883, 886 (7th Cir. 1989). Further, "on summary judgment, a court can neither make a credibility determination nor choose between competing interests." Sarsha v. Sears, Roebuck & Co., 3 F.3d 1035, 1041 (7th Cir. 1993).

If the moving party meets its burden, the nonmoving party then has the burden to present specific facts showing that there is a genuine issue of material fact. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).

### III. ANALYSIS

Kuzik's claim comes under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 et seq. When a benefit plan gives an administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan, federal courts review an administrator's decision using the deferential arbitrary and capricious standard. Young v. Verizon's Bell Atl. Cash Balance Plan, 615 F.3d 808, 814 (7th Cir. 2010); Tegtmeier v. Midwest Operating Eng'rs Pension Trust Fund, 390 F.3d 1040, 1042 (7th Cir. 2004). "If the administrator made an informed judgment and articulates an explanation for it that is satisfactory in light of the relevant facts, then that decision is final." Tegtmeier, 390 F.3d at 1042. This highly deferential standard of review applies even when the same company both determines eligibility and pays benefits. Leger v. Tribune Co. Long Term Disability Benefit Plan, 557 F.3d 823, 830 (7th Cir. 2009) (citing Metropolitan Life Insurance Company v. Glenn, 128 S. Ct. 2343 (2008)); see also Majeski v. Metro. Life Ins. Co., 590 F.3d 478, 483 (7th Cir. 2009). Under such circumstances, the potential conflict of interest is merely one of the many factors a court must consider in conducting its review. Leger, 557 F.3d at 830.

Kuzik concedes that the Plan vests the administrator with discretion and therefore this court's review is limited to whether the administrator's decision was arbitrary and capricious. (Docket No. 24 at 2.) Kuzik contends that the decision of the Social Security Administration and those of Kuzik's treating physicians must be controlling, and thus Kuzik must be found disabled under the Plan. (Docket No. 24 at 3.)

In this case, the Plan administrator's decision was remarkably brief. In relevant part, the administrator stated only:

> Based on the information received from your doctor and the results of the Independent Medical Examination performed on April 8, 2004, while you are disabled from your occupation, you are not totally disabled from any occupation. On that basis, you are not considered totally and permanently disabled as defined above and disability pension benefits are unavailable.

(Docket No. 22-2 at 13; see also Docket No 22-2 at 7.)

When faced with such terse decisions, seemingly devoid of rationale or explanation as to how the administrator arrived at the conclusion to deny benefits, courts will frequently remand the matter to the plan administrator for further findings and explanations. Majeski, 590 F.3d at 484.

However, the plaintiff has not directed the court to any authority to suggest that brevity alone is a basis for upsetting a decision of a Plan administrator. Rather, all that is required is that a Plan administrator appropriately considers relevant evidence. Id. In appropriate cases, it might be entirely reasonable to expect that this could be done in summary fashion. In the present case, it appears the Plan was presented with limited medical evidence; therefore, it should be hardly surprising that its decision did not span pages.

Dr. Santarelli concluded that Kuzik was capable of sedentary work, (Docket No. 22-1 at 22) (in contradiction of his statement that Kuzik was "totally disabled" (Docket No. 22-1 at 3)), and Dr. Parekh concluded only that Kuzik was unable to continue at his present occupation, (Docket No. 22-1 at 9). Likewise, the consultive examiner concluded that Kuzik was not precluded from every

5

occupation. (Docket No. 22-1 at 36.) Although the Social Security Administration concluded that Kuzik was disabled, it did so utilizing a significantly different definition of disability. Thus, it is merely a factor to be considered in a court's analysis and is not controlling. Black v. Long Term Liability Insurance, 582 F.3d 738, 748 (7th Cir. 2009). Notably, Kuzik was found disabled as a result of his "advanced age" under the Administration's definition, but the Social Security Administration still concluded that Kuzik was physically capable of performing sedentary work in a clean environment. (Docket No. 21-3 at 4-5.)

The evidence is largely consistent and readily supports a conclusion that Kuzik was not precluded from "engaging in any occupation," which is the plan's definition. Therefore, even considering the additional factors that this is a scenario where the same company both determines eligibility and pays benefits and that Kuzik was found disabled for the purposes of Social Security, see Black, 582 F.3d at 744-45, 748, the court must conclude that the Plan's decision that Kuzik was not disabled under the terms of the Plan was not arbitrary or capricious. Accordingly, the court shall deny the plaintiffs' motion for summary judgment, (Docket No. 23), and grant defendant's motion for summary judgment, (Docket No. 18).

**IV. CONCLUSION**

Although others reviewing Kuzik's medical condition in the first instance may reasonably conclude that he is disabled, as the Social Security Administration did, this court's standard of review is deferential, and the court cannot say that the Plan's decision was unreasonable. Black, 582 F.3d at 748. Thus, the court must grant the defendant's motion and deny that of the plaintiff.

Because the court concludes that the summary judgment is appropriate on this basis, it is unnecessary for the court to consider the defendant's alternative argument that Kuzik's worker's compensation settlement must be set off against any potential recovery under the disability retirement plan.

**IT IS THEREFORE ORDERED** that the plaintiffs' motion for summary judgment, (Docket No. 23), is **denied**.

**IT IS FURTHER ORDERED** that defendant's motion for summary judgment, (Docket No. 18), is **granted**.

The Clerk shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 18th day of April, 2011.

s/AARON E. GOODSTEIN<br>U.S. Magistrate Judge